Lina Stillman, Esq.
Stillman Legal, P.C.
42 Broadway, 12t Floor
New York, New York 10004
Tel (212) 203-2417
www.FightForUrRights.com

*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

-----------------------------------------------------------------X

STEVEN ESPOSITO *INDIVIDUALLY AND ON*
*BEHALF OF OTHERS SIMILARLY SITUATED*

                  *Plaintiff,*

VISCIANO BROTHERS AUTO PARTS, INC. (DBA
MORNING STAR AUTO PARTS) ROBERT
VISCIANO, JASON VISCIANO and MARIA
VISCIANO.


                  *Defendants.*

-----------------------------------------------------------------X

**COMPLAINT**

**COLLECTIVE ACTION**
**UNDER 29 U.S.C. § 216(b)**

**ECF Case**

Plaintiff STEVEN ESPOSITO, bring this Class and Collective Action Complaint on behalf of

himself and similarly situated co-workers against VISCIANO BROTHERS AUTO PARTS,

INC. (DBA MORNING STAR AUTO PARTS) and ROBERT VISCIANO, JASON VISCIANO

and MARIA VISCIANO, (collectively, "Defendants") pursuant to the Fair Labor Standards Act

("FLSA"), 29 U.S.C. §§ 201 et seq., the New York Labor Law ("NYLL"), N.Y. Lab. Law § 650

et seq., as recently amended by the Wage Theft Prevention Act ("WTPA"), N.Y. Lab Law §

195(3), N.Y. Lab Law § 191, and related provisions from Title 12 of New York Codes, Rules

and Regulations ("NYCRR").

1

## **NATURE OF ACTION**

1.      This Collective Action Complaint seeks to recover overtime compensation, spread-of-hours pay, unlawful deductions for Plaintiff and similarly situated co-workers who have been employed by Defendants to work at MORNING STAR AUTO PARTS for some or all the time period relevant to this action (the relevant time period being set by the federal and state claims' respective statutes of limitations).

2.      Plaintiff is a former employee of Defendants who was ostensibly employed as a Deliver Auto Parts to repair shops in Staten Island at MORNING STAR AUTO PARTS located in New York.

3.      As described herein, Individual Defendants ROBERT VISCIANO, JASON VISCIANO and MARIA VISCIANO ("Individual Defendants") employ Plaintiffs' for the purposes of the instant claims.

4.      VISCIANO BROTHERS AUTO PARTS, INC (DBA MORNING STAR AUTO PARTS) and ROBERT VISCIANO, JASON VISCIANO, MARIA VISCIANO are a New York Corporation with its headquarters at 224 Morningstar Rd, Staten Island, NY 10303.

5.      Individual Defendants ROBERT VISCIANO, JASON VISCIANO and MARIA VISCIANO operate and control Defendant Corporations and, by extension, Defendant Corporations' employees, for part or all of the time period relevant to this action.

6.      At all relevant times, Plaintiff regularly work for Defendants in excess of 40 hours per week, without receiving appropriate overtime compensation for any of the hours that he worked

7.      Defendants' conduct extended beyond Plaintiff to all other similarly situated employees.

8.      Plaintiff now brings this Class and Collective Action on behalf of himself and other similarly situated individuals, for federal and state claims relating to unpaid overtime wages, unpaid spread-of-hours wages, failure to maintain records, and the taking of unlawful deductions pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 et seq., the New York Labor Law ("NYLL"), N.Y. Lab. Law § 650 et seq., as recently amended by the Wage Theft Prevention Act ("WTPA"), N.Y. Lab Law § 195(3), and related provisions from Title 12 of New York Codes, Rules and Regulations ("NYCRR").

9.      In connection with the above-mentioned allegations and claims, Plaintiff seeks compensatory damages as well as applicable liquidated damages, interest, attorney's fees and costs.

10.     Plaintiff seeks certification of this action as a collective action under 29 U.S.C. § 216(b) on behalf of themselves, individually, and all other similarly situated employees and former employees of Defendants

## JURISDICTION AND VENUE

11.     This Court has subject matter jurisdiction pursuant to 28 USC §§1331, and 1337 and jurisdiction over Plaintiffs' state-law claims pursuant to 28 USC § 1367.

12.     This Court also has jurisdiction over Plaintiffs' claims under the FLSA pursuant to 29 U.S.C. § 216(b).

13.     This Court is empowered to issue a declaratory judgment pursuant to 28 USC §§ 2201 and 2202.

14.     The venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391(b)(1) because Corporate Defendants reside in this District, certain Plaintiffs reside in this District, and because a substantial part of the events that are the subject of the litigation transpired in this District.

## COLLECTIVE-WIDE FACTUAL ALLEGATIONS

15.     Plaintiff brings their FLSA claims on behalf of themselves, and all similarly situated persons who work or have worked for Defendants on or after April 5, 2016, who elect to opt-in to this action (the "FLSA Collective").

16.     All of the work that Plaintiff and the FLSA Collective have performed has been assigned by Defendants and/or Defendants have been aware of all of the work that Plaintiff and the FLSA Collective have performed.

17.     As part of their regular business practice, Defendants have intentionally, willfully, and repeatedly engaged in a pattern, practice and/or policy of violating the FLSA with respect to

Plaintiff and the FLSA Collective. This policy and pattern or practice include, but is not limited to:

      a.   Willfully failing to pay overtime wages for hours worked in excess of 40 hours per week;

      b.   Willfully failing to keep records that satisfy statutory requirements.

18.     At all relevant times, Plaintiff and other members of the FLSA Class who are and/or have been similarly situated, have had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans of willfully failing and refusing to pay them the require overtime pay at a one and one-half his regular rates for work in excess of forty (40) hours per workweek under the FLSA, willfully taking improper wage deductions and other improper credits against Plaintiffs' wages for which Defendants did not qualify under the FLSA, and willfully failing to keep records require by the FLSA.

19.     The claims of Plaintiff stated herein are similar to those of the other employees and Plaintiff and the FLSA Collective all perform or performed the same primary duties.

20.     Defendants are aware that FLSA required them to pay employees performing non-exempt duties, including Plaintiffs and the FLSA Collective overtime premium for hours worked in excess of 40 hours per workweek.

21.     Defendants' unlawful conduct has been widespread, repeated and consistent.

22.     Plaintiff will fairly and adequately represent and protect the interests of the Class's members. Plaintiff understand that as class representatives they assume a fiduciary responsibility to the class to represent its interests fairly and adequately. Plaintiff recognize that

as class representatives, they must represent and consider the interests of the class just as they would represent and consider their own interests. Plaintiff understands that in decisions regarding the conduct of the litigation and its possible settlement, he must not favor his own interests over the Class's interests. Plaintiff recognizes that any resolution of a class action must be in the best interest of the Class. Plaintiff understands that in order to provide adequate representation, they must be informed of developments in litigation, cooperate with class counsel, and testify at deposition/trial. Plaintiff has retained counsel competent and experienced in complex class actions and employment litigation. There is no conflict between Plaintiff and the Class.

23.     A class action is superior to other available methods for the fair and efficient adjudication of this litigation. The members of the Class have been damaged and are entitled to recovery as a result of the Defendants' violation of the NYLL as well as its common and uniform policies, practices, and procedures. Although the relative damages suffered by individual members of the Class are not de minimis, such damages are small compared to the expense and burden of individual prosecution of this litigation. For example, Class members lack the financial resources to conduct a thorough examination of Defendants' timekeeping and compensation practices and to prosecute vigorously a lawsuit against Defendants to recover such damages. In addition, class litigation is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendants' practices.

## **PARTIES**

*Plaintiffs*

24.     Plaintiffs STEVEN ESPOSITO, ("Plaintiff ESPOSITO") is an adult individual residing in Staten Island, NY. Plaintiff ESPOSITO was employed by Defendants for about (3) three years. From November 2020 until March 26, 2022. At all relevant times to this complaint, Plaintiff ESPOSITO was employed by Defendants to work as a delivery at their company located at 224 Morningstar Rd, Staten Island, NY 10303.

25.     Plaintiff consent to be parties pursuant to 29 U.S.C. § 216(b), and bring these claims based upon the allegations herein as representative parties of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b) and as representatives of the Proposed Class.

*Defendants*

26.     Individual Defendants have owned, operated, and controlled VISCIANO BROTHERS AUTO PARTS, INC. (DBA MORNING STAR AUTO PARTS); at all times relevant to this complaint.

27.     On information and belief, VISCIANO BROTHERS AUTO PARTS, INC. is a corporation organized and existing under the laws of the State of New York.

28.     Upon information and belief both VISCIANO BROTHERS AUTO PARTS, INC. (DBA MORNING STAR AUTO PARTS) individually and collectively have more than $500,000.00 in gross annual income for the years relevant to the instant action (independent of excise taxes).

29.     On information and belief, the operations of VISCIANO BROTHERS AUTO PARTS, INC. (DBA MORNING STAR AUTO PARTS) individually and collectively implicate interstate commerce insofar as these Defendants rely heavily on products that have been transported across state lines.

30.     Defendant ROBERT VISCIANO is an individual who has been the de facto and de jure owner, officer, and/or agent of Defendant Corporation during the relevant time period, and he issued individually. Defendant ROBERT VISCIANO has possessed and exercised operational control over Defendant Corporations, for example, he has at times relevant to this litigation determined the wages and compensation of Defendants' employees, including Plaintiff, and established the schedules of the employees, maintained employee records, and had the authority to hire and fire employees. In particular, ROBERT VISCIANO has a prominent role in the setting of salaries for Corporate Defendants' employees and hires and fires Corporate Defendants' employees.

31.     Defendant JASON VISCIANO is an individual who has been the de facto and de jure owner, officer and/or agent of Defendant Corporation during the relevant time period, and he issued individually. Defendant JASON VISCIANO has possessed and exercised operational control over Defendant Corporations, for example, he has at times relevant to this litigation determined the wages and compensation of Defendants' employees, including Plaintiff, and established the schedules of the employees, maintained employee records, and had the authority to hire and fire employees. In particular, JASON VISCIANO has a prominent role in the setting

of salaries for Corporate Defendants' employees and hires and fires Corporate Defendants' employees.

32.     Defendant MARIA VISCIANO is an individual who has been the de facto and de jure owner, officer and/or agent of Defendant Corporation during the relevant time period, and he issued individually. Defendant MARIA VISCIANO has possessed and exercised operational control over Defendant Corporations, for example, he has at times relevant to this litigation determined the wages and compensation of Defendants' employees, including Plaintiff, and established the schedules of the employees, maintained employee records, and had the authority to hire and fire employees. In particular, MARIA VISCIANO has a prominent role in the setting of salaries for Corporate Defendants' employees and hires and fires Corporate Defendants' employees.

## COMMON FACTUAL ALLEGATIONS
*Defendants Constitute Joint Employers*

33.     Defendants operate a restaurant company where the Plaintiff worked. At all relevant times, Individual Defendants ROBERT VISCIANO, JASON VISCIANO and MARIA VISCIANO possess or possessed operational control over Defendant Corporations; possess or possessed an ownership interest in Defendant Corporations, and control or controlled significant functions of Defendant Corporations.

34.     Corporate Defendants and Individual Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

35.     At relevant times, each Corporate Defendant possessed substantial control over Plaintiffs' and other similarly situated employees' working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff, and all similarly situated individuals, referred to herein.

36.     Corporate Defendants jointly employed Plaintiff, and all similarly situated individuals, and are Plaintiffs' and all similarly situated individuals' employers within the meaning of 29 U.S.C. 201 *et seq*. and the NYLL.

37.     In the alternative, Corporate Defendants constitute a single employer of Plaintiffs and/or similarly situated individuals, as the corporate divisions between them are fictional.

38.     At all relevant times, Individual Defendants were Plaintiffs' employers within the meaning of the FLSA, NYLL and other law.

39.     Individual Defendant had the power to hire and fire Plaintiff, control the terms and conditions of employment, and determine the rate and method of any compensation in exchange for Plaintiffs' services.

40.     Individual Defendants supervised Plaintiffs' work schedules and conditions of his employment.

41.     Individual Defendants also determined the rate and method of payment for Plaintiff and other similarly situated employees.

42.     Individual Defendants also controlled and guided what limited recordkeeping that took place which Plaintiff contends is deficient pursuant to FLSA and NYLL requirements.

*Individual Plaintiff Steven Esposito*

43.     Plaintiff ESPOSITO is a former employee of Defendants, primarily employed to deliver auto parts in and around Staten Island, New York.

44.     Plaintiff did not work at his own convenience, having to report to work according to a schedule devised by Defendants. Furthermore, once scheduled for a shift, Plaintiff did not come and go at his pleasure but rather was controlled by Defendants.

45.     Plaintiff is non-exempt under FLSA and the NYLL. Among other things, Plaintiff did not occupy what law would characterize as "professional," "executive" or even "administrative" positions, as Plaintiffs' employment for Defendants was physical labor.

46.     Plaintiff commences this action as a collective action under 29 U.S.C. § 216(b).

47.     Plaintiff ESPOSITO was employed by Defendants from approximately early November 2020 until March 26, 2022.

48.     Plaintiff ESPOSITO regularly handled goods in interstate commerce, such as auto parts that was produced outside of the State of New York**.**

49.      Plaintiff ESPOSITO's work duties required neither discretion nor independent judgment.

50.     Plaintiff only employment was with Defendants. He did not have any other employment during November 2020 and March 26, 2020.

51.     Throughout his employment with Defendants, Plaintiff ESPOSITO regularly worked in excess of 40 hours per week.

52.     From approximately November 2020 until his departure in 2022, Plaintiff ESPOSITO worked 54 hours per week, 9 hours per day from Monday to Friday 8:00 A.M-5:00 P.M and on Saturdays 7 hours, from 8:00 A.M – 3:00 P.M, 6 days per week.

53.     Plaintiff brought up the fact that he was not being paid properly numerous times to Jason Visciano to which he replied that "none of the drivers are paid overtime unless they are on the books, which you are not".

54.     Plaintiff used his own car and purchased his own gas to deliver parts for Defendant's business.

55.     Plaintiff was paid $12 per hour from 2020 until 2021, Defendants raised his salary to $13 on March 15, 2022.

56.     Defendants sometimes lowered Plaintiff's hourly pay according to the price of gasoline at the time. For example, if gasoline prices went down, Defendants paid Plaintiff a dollar less per hour.

57.     Defendants also refused to pay Plaintiff for hours of lunch worked and was retaliated against by demoting him as a result of complaining about his unpaid lunch breaks.

58.     Defendants paid Plaintiff in cash, weekly.

59.     Plaintiff was never paid overtime for hours beyond (40) per week.

60.     Defendants did not provide Plaintiff ESPOSITO with each payment of wages an accurate statement of wages, as required by NYLL 195(3).

61.     Defendants never provided Plaintiff ESPOSITO with written notice of his rate of pay, employer's regular payday, and such other information as required by NYLL §195(1).


*Defendants' General Employment Practices*

62.     Defendants regularly require Plaintiff to work in excess of forty (40) hours per week without paying him the proper overtime wages or spread of hours' compensation.

63.     Defendants willfully disregarded and purposefully evaded record-keeping requirements of the Fair Labor Standards Act and New York Labor Law by failing to maintain <u>accurate</u> and complete timesheets and payroll records.

64.     By employing this practice, Defendants avoided paying Plaintiff at the overtime rate of time and a half for most or all of their hours worked in excess of forty (40) hours per week.

65.     Defendants failed to post require wage and hour posters and did not provide Plaintiff with statutorily require wage and hour records or statements of their pay received, in part so as to hide Defendants' violations of the wage and hour laws, and to take advantage of Plaintiffs' relative lack of sophistication in wage and hour laws.

66.     Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiff (and similarly situated individuals) worked, and to avoid paying Plaintiff properly for (1) their full hours worked, (2) for overtime due, and (3) for spread of hours pay.

67.        Defendants did not provide Plaintiff, and similarly situated employees, with the wage statements and annual pay notices require by NYLL §§195(1) and 195(3).

68.        Defendants failed to provide Plaintiff and other employees with  <u>accurate</u> wage statements at the time of payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked, as require by NYLL §195(3).

69.        Defendants failed to provide Plaintiff and other employees, at the time of hiring and on or before November,  of each subsequent year, a statement in English and the employee's primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as require by New York Labor Law §195(1).

## <u>FIRST CAUSE OF ACTION</u>
**(Violation of FLSA Overtime/Unlawful Deduction/Recordkeeping Provisions)**

70.     Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

71.     At all times relevant to this action, Defendants were Plaintiffs' employers (and employers of the putative FLSA Class members) within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d). Defendants had the power to hire and fire Plaintiff (and the FLSA class members), control the terms and conditions of employment, and determine the rate and method of any compensation in exchange for their employment.

72.     At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

73.     Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

74.     Defendants, in violation of the FLSA, failed to pay Plaintiff (and the FLSA Class members) overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek, in violation of 29 U.S.C. § 207 (a)(1).

75.     Defendants' failure to pay Plaintiff (and the FLSA Class members) overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

76.     Defendants took unlawful deductions from Plaintiffs' earned wages and the FLSA Collective's earned wages.

77.     Defendants, in violation of the FLSA, failed to pay Plaintiff agreed-upon wages by virtue of their withholding policies, time-clock policies, and chargeback policies as described herein.

78.     Defendants failed to satisfy the FLSA's recordkeeping requirements.

79.     Defendants acted willfully in their violations of the FLSA's requirements.

80.     Plaintiff (and the FLSA Collective) was damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

**(Violation of the Overtime/Unpaid Wages/Unlawful Deductions/Spread-of-Hours-Pay/Recordkeeping/Wage Statement Provisions of NYLL/)**

81.     Plaintiffs repeats and realleges all paragraphs above as though fully set forth herein.

82.     At all times relevant to this action, Defendants were Plaintiffs' employers within the meaning of the N.Y. Lab. Law §§ 2 and 651. Defendants had the power to hire and fire Plaintiff, control terms and conditions of employment, and determine the rates and methods of any compensation in exchange for employment.

83.     Defendants, in violation of the NYLL and associated rules and regulations, failed to pay Plaintiff's overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek, in violation of N.Y. Lab. Law § 190 *et seq*. and supporting regulations of the New York State Department of Labor.

84.        Defendants failed to pay Plaintiff (and the Class members) in a timely fashion, as required by Article 6 of the New York Labor Law.

85.        Defendants' failure to pay Plaintiff (and the Class members) overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

86.        Defendants, in violation of the NYLL, failed to pay Plaintiff agreed-upon wages by virtue of their withholding policies, time-clock policies and chargeback policies as described herein.

87.        Plaintiff was damaged in an amount to be determined at trial.

88.        Plaintiff repeat and reallege all paragraphs above as though fully set forth herein.

89.        Defendants failed to pay Plaintiff (and the Class) one additional hour's pay at the basic minimum wage rate before allowances for each day Plaintiffs' spread of hours exceeded ten hours in violation of New York Lab. Law §§ 190 *et seq*. and 650 *et seq*. and the wage order of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. Tit. 12, § 137-1.7 and 137-3.11.

90.        Defendants' failure to pay Plaintiff (and the Class) an additional hour's pay for each day Plaintiffs' (and the Class) spread of hours exceeded ten hours was willful within the meaning of New York Lab. Law § 663.

91.        Plaintiff (and the Class members) was damaged in an amount to be determined at trial.

92.        Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

17

93.     Defendants failed to provide Plaintiff with a written notice, in English and in Spanish (Plaintiffs' primary language), of his rate of pay, regular pay day, and such other information as require by NYLL §195(1).

94.     Defendants are liable to Plaintiff in the amount of $30,000 together with costs and attorney's fees.

95.     Plaintiff repeats and realleges all paragraphs above as though set forth fully herein.

96.     Defendants did not provide Plaintiff with wage statements upon each payment of wages, as required by NYLL 195(3).

97.     Defendants acted willfully in their violation of the above-described NYLL requirements.


## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully request that this Court enter judgment against Defendants:

(a)     Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members, apprising them of the pendency of this action, its nature, and his right to join, and permitting them promptly to file consents to be Plaintiff in the FLSA claims in this action;

(b)     Designating Plaintiff as Class Representatives, reasonable service awards for each Plaintiff, and his counsel of record as Class Counsel;

(c)     Declaring that Defendants have violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff and the FLSA class members;

(d)     Declaring that Defendants have violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiffs' and the FLSA class members' compensation, hours, wages, and any deductions or credits taken against wages;

(e)     Declaring that Defendants' violation of the provisions of the FLSA were willful as to Plaintiff and the FLSA class members;

(f)     Awarding Plaintiff and the FLSA class member's damages for the amount of unpaid overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(g)     Awarding Plaintiff and the FLSA class members liquidated damages in an amount equal to 100% of his damages for the amount of unpaid overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(h)     Declaring that Defendants have violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff and the members of the Class;

(i)     Declaring that Defendants have violated the Spread of Hours Wage Order of the New York Commission of Labor as to Plaintiff and the members of the FLSA Class;

(j)     Declaring that Defendants have violated the recordkeeping requirements of the NYLL with respect to Plaintiffs' and the FLSA Class member's compensation, hours, wages; and any deductions or credits taken against wages;

(k)     Declaring that Defendants' violations of the New York Labor Law and Spread of Hours Wage Order were willful as to Plaintiff and the FLSA Class members;

(l)     Awarding Plaintiff and the FLSA class member's damages for the amount of unpaid overtime wages, damages for any improper deductions or credits taken against wages, as well as awarding spread of hours pay under the NYLL as applicable;

(m)     Awarding Plaintiff damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(n)     Awarding Plaintiff damages for Defendant's violation of the NYLL frequency of payment violation of Labor Law § 191(1)(a) which requires weekly payment of manual workers.

(o)     Awarding Plaintiff and the FLSA class members liquidated damages in an amount equal to one hundred percent (100%) of the total amount of spread of hours pay and overtime compensation shown to be owed pursuant to NYLL § 663 as applicable;

(p)     Awarding Plaintiff and the FLSA class member's pre-judgment and post-judgment interest as applicable;

(q)     Awarding Plaintiff and the FLSA class members the expenses incurred in this action, including costs and attorney's fees; and

(r)     All such other and further relief as the Court deems just and proper.

Dated: New York, New York
April 1, 2022

LINA STILLMAN, ESQ.

_____/s/ Lina Stillman_____
By:     STILLMAN LEGAL, P.C.